**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| SANDRA B. BRANTLEY : | |
| : | |
| Claimant, : | |
| : | |
| v. : | CASE NO. 5:09-CV-294 (MTT) |
| : | Social Security Appeal |
| MICHAEL ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Respondent. : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for a period of disability and disability insurance benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court's role in reviewing claims brought under the Social Security Act

is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46, 48 (5th Cir. 1973) (per curiam). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq.*

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

Under the regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. 20 C.F.R. § 404.1520, app. 1, pt. 404. First, the Commissioner determines whether the claimant is working. If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing"). Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I. **Did the ALJ err by improperly discounting the side effects of Claimant's medications?**

II. **Did the ALJ err in improperly evaluating Claimant's subjective allegations of pain?**

III. **Did the Appeals Council err in not remanding Claimant's claim following the submission of new and material evidence?**

## Administrative Proceedings

Claimant filed applications for a period of disability and Disability Insurance Benefits on September 6, 2006. (Tr. 76-80.) Upon the denial of her application and after reconsideration, Claimant timely filed a request for a hearing, and on April 10, 2008, a hearing was held. (Tr. 11-32.) On May 23, 2008, the ALJ entered an unfavorable ruling (Tr. 38-47), and the Appeals Council subsequently denied her request for review. (Tr. 1-3). This appeal followed.

## Statement of Facts and Evidence

Claimant's applications for benefits allege a disability beginning on February 28, 2006, due to chronic pain. (Tr. 18.) After careful consideration of the record, including hearing testimony from the vocational expert and Claimant, the ALJ concluded that Claimant suffered from lumbar disc disease and obesity. (Tr. 40.) Although the ALJ considered these impairments to be severe within the meaning of the Regulations, he concluded that the impairments, or any combination of alleged impairments, did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 44.) The ALJ then found that Claimant had the residual functional capacity ("RFC") to perform a limited range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b); that Claimant could not perform her past relevant work; and that there were jobs which existed in significant numbers in the national economy that Claimant could perform. (Tr. 45.)

# DISCUSSION

**I.   Did the ALJ err by improperly discounting the side effects of Claimant's medications?**

Claimant first contends that the ALJ erred by failing to properly analyze the reported side effects of drowsiness and sleepiness which resulted from the medication prescribed to her. (R. 9 at 10.) In ruling on this issue, the Court of Appeals for the Eleventh Circuit has held that the ALJ has a duty to develop a full and fair record regarding the effect of a claimant's medications on her ability to work. *Cowart v. Schweiker*, 662 F.2d 731, 737 (11th Cir. 1981).

In his findings in this case, the ALJ noted Claimant's testimony that the prescribed medication hydrocodone made her "sleepy." (Tr. 41.) The ALJ further noted that on July 17, 2006, Dr. Joe Duncan, an orthopedist and treating physician, cautioned Claimant about the use of narcotic medicine. (Tr. 42.) In addition to his consideration of such warning by Dr. Duncan, the ALJ referenced the care provided to Claimant by Dr. Penelope Brooks at Oconee Pain Clinic and the prescription by Dr. Brooks of pain pills to Claimant for her complaints of discomfort. (Tr. 41.) A third treating physician, Dr. David Robins, made a clinical notation of the medicine regimen Claimant followed for pain management (including Lortab, Naproxen, Ultracet and Lyrica) without any complaint of adverse side effects. (Tr. 188-205.)

It is apparent from the record as a whole that the ALJ properly considered the evidence of palliative care by both Dr. Duncan and Dr. Brooks, including the treatment of

Claimant by Dr. Brooks for "complaints of discomfort" (and for Lyme's disease) with a recommendation of "...diet, exercise and take her medication." (Tr. 43.) It was further considered and noted by the ALJ that Claimant testified before him at the hearing that she did not sleep well. (Tr. 26, 41.) In his brief, the Commissioner has correctly noted the absence throughout the record of any complaint by Claimant to any of the treating physicians of drowsiness or other impairing side effect of the medications and the absence of any corresponding *permanent* limitations on Claimant's activities beyond those considered in arriving at the RFC. None of the treating physicians expressed concern about the impact on Claimant of possible adverse side effects of the varied pain medications taken by her beyond the generalized caution given by Dr. Duncan about narcotic use. Nor did Claimant report any adverse side effects in any clinical presentation to any treating physician. The ALJ was authorized to determine that the side effects, if any, were not significant and his decision to do so is supported by substantial evidence in the record considered as a whole. *See Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990).

Although the record shows that Claimant was prescribed narcotic medication, and she noted that the pain medication caused sleepiness, the evidence of record fails to show that Claimant consistently complained of side effects from her medications. The Regulations state that the burden is ultimately on the claimant to prove the severity of her impairments. 20 C.F.R. §§ 404.1512(a) and (c); 416.912(a) and (c). Claimant has failed to carry her burden of proving that her medication side effects affected her ability to work, and no error is found. Absent that evidence, the ALJ was under no obligation to include Claimant's

6

alleged side effects in his determination of their possible effect on Claimant's residual functional capacity.

## II. Did the ALJ err in improperly evaluating Claimant's subjective allegations of pain?

Claimant next argues that the ALJ improperly evaluated certain medical evidence in discounting her subjective allegations of pain. (R. 9 at 12.) The Regulations state that disability cannot be established by a claimant's unsupported statement of pain. 20 C.F.R. 404 *et seq*. It is for the Commissioner to determine whether the subjective complaint of pain should be discounted based on substantial evidence in the record as a whole. The law requires that he provide explicit and adequate reasons for doing so. *Foote v. Chater*, 67 F.3d 1553 (11th Cir. 1995). In *Foote,* the Eleventh Circuit specifically held that:

> [W]here proof of a disability is based upon subjective evidence and a credibility determination is, therefore, a critical factor in the Secretary's decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to a specific credibility finding. . . . Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court.

*Id.* at 1562; *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983). Furthermore, Social Security Regulation 96-7p states in relevant part, that:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of

> pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

The ALJ's decision to discount Claimant's allegations of pain (and the extent to which he determined that the credibility of the Plaintiff was diminished) is amply supported by a review of the record as a whole. In his Findings, the ALJ acknowledged the requirements and procedures he must follow in assessing Claimant's residual functional capacity, making specific reference to 20 C.F.R. § 404.1529 and Social Security Rulings 96-4p and 96-7p, as well as 20 C.F.R. § 404.1527 and Social Security Rulings 96-2p, 96-5p and 96-6p. (Tr. 44.) The ALJ then referenced the pain standard used in assessing Claimant's credibility. *Id.* The ALJ then discussed Claimant's medical history and cited to medical evidence regarding the Claimant's allegations of the severity of her pain. *Id.* The record reveals that the ALJ considered Claimant's testimony, medical evidence provided by the Claimant, along with her functional restrictions, to find that her allegations of pain were less than credible, and that the medical evidence of record did not support the severity alleged. *Id.*

The medical evidence considered by the ALJ in his credibility finding showed a generally conservative course of treatment, a recommendation of diet *and exercise* by Dr. Brooks together with the physician's clinical notation that the Plaintiff "exaggerated her pain responses." (Tr .43.) On March 13, 2006, Dr. David Robins, a treating physician, noted in his findings that Plaintiff was not in obvious or apparent distress (Tr. 151) and further noted that there was "no muscle atrophy to suggest disuse of the muscles and strength testing was

8

5/5 throughout." (Tr. 189.) Followup appointments with Dr. Robins on May 31, 2006, June 28, 2006, and July 10, 2006, showed the same findings.

In evaluating credibility, "[b]ased on a consideration of all of the evidence in the case record, the adjudicator may find all, only some, or none of an individual's allegations to be credible." SSR 96-7p. A limitation cannot be established solely by a claimant's own report. *See* 20 C.F.R. § 416.928(a). The record must contain medical evidence, in the form of observable abnormalities or laboratory findings, that "show[] the existence of a medical impairment(s) . . . which could reasonably be expected to produce" the alleged limitation. *Id.* Furthermore, the ALJ must "clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotations and citations omitted). While "[t]he credibility determination does not need to cite particular phrases or formulations," it must sufficiently indicate that the ALJ considered the claimant's medical condition as a whole. *Id.* (quotation marks and citations omitted).

Considering the record as a whole there is substantial evidence to support the credibility determination made by the ALJ and the Commissioner's decision to deny benefits is proper under the Social Security Act.

**III. Did the Appeals Council err in not remanding Claimant's claim following the submission of new and material evidence?**

Claimant last contends that the Appeals Council erred by failing to review her application based on new evidence of her impairments which were submitted after the

9

hearing. (R. 9 at 15.) The Regulations state that the Appeals Council will review an ALJ's decision only when it determines, after review of the entire record, including the new and material evidence, that the decision is contrary to the weight of the evidence currently in the record. 20 C.F.R. § 404.970(b). New evidence presented to the Appeals Council must relate to the period on or before the ALJ's hearing decision. *Id.* In the case at bar, the Appeals Council received the new evidence and considered it, but determined that the evidence did not provide a basis for changing the final decision of the ALJ.

When the Appeals Council has denied review of new evidence properly presented, a reviewing court must consider whether the denial of benefits is supported by substantial evidence in the record as a whole, including the evidence submitted to the Appeals Council. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262, 1266-67 (11th Cir. 2007). If denial of benefits is erroneous, the decision of the Appeals Council is subject to modification, reversal or remand pursuant to sentence four of 42 U.S.C. § 405(g). *Id.* In this case, because new evidence was properly presented to the Appeals Counsel, consideration under sentence four is appropriate.

Here, the Appeals Council accepted new evidence in the form of treatment records from Dr. Brooks, M.D. (Tr. 241-44.) As stated above, the relevant period is before the hearing decision, in this case, May 23, 2008. A review of the evidence, however, establishes a continuing inconsistency between Claimant's subjective complaints and objective medical evaluations. Dr. Brooks, in the responses to the questions, indicated *again* that there was a clinical inconsistency in Claimant's pain responses (Tr. 249) after having previously

10

indicated that Plaintiff's pain responses were "exaggerated." Also, inquiry number 9 specifically asked Dr. Brooks whether the patient's impairments were "reasonably consistent with the symptoms and functional limitations described in this evaluation." (Tr. 246.) Dr. Brooks did not circle either the "Yes" or "No" provided but answered "(p)robably but very difficult to evaluate." Given that the burden of proving disability is on the Plaintiff, as is noted in *Moore v. Barnhart,* 405 F.3d 1208 (11th Cir. 2005), the Appeals Council did not err in its decision to deny review of Claimant's case based on its consideration of the new evidence.

## CONCLUSION

It is found that the decision of the ALJ and his consideration, as indicated above, of the entire record in his determination of the credibility of the Claimant compels the conclusion here that the finding by the ALJ that Claimant is not disabled as defined by the Act is based on substantial evidence as defined in *Moore v. Barnhart*, 405 F.3d 1208 (11th Cir. 2005), and the Commissioner's decision to deny the Claimant the disability benefits she seeks is the result of the proper application of the appropriate standard of law called for by Congress in the Act.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

THIS the 13th day of September, 2010.

                                        **S/ STEPHEN HYLES**
                                        **UNITED STATES MAGISTRATE JUDGE**

lws